**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SUSAN ALVESTEFFER,

     Plaintiff-Appellant,

v.

SWEETWATER COUNTY SCHOOL
DISTRICT NO. TWO and COREY
DILLON,

     Defendants-Appellees.

No. 97-8080
(D.C. No. 96-CV-1062B)
(District of Wyoming)

## ORDER AND JUDGMENT[*]

Before **BRORBY**, Circuit Judge, **HENRY**, Circuit Judge, and **McWILLIAMS**, Senior
Circuit Judge.

In March, 1993, Susan Alvesteffer ("Alvesteffer") was hired by Sweetwater

County School District No. Two ("School District") to work as an assistant in its printing

department. On September 13, 1995, Alvesteffer "involuntarily resigned" her position of

printer's assistant because of what she perceived as unwanted sexual advances made to

her by her supervisor, one Corey Dillon ("Dillon").

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3

On November 14, 1996, Alvesteffer brought suit against the School District and Dillon in the United States District Court for the District of Wyoming. Alvesteffer claimed, in essence, that Dillon made unwanted sexual advances towards her, and that she reported such conduct to her superiors at the School District. Alvesteffer claimed that the School District did not stop Dillon's conduct towards her to the end that on September 13, 1995, she involuntarily resigned. Based thereon, Alvesteffer asserted a claim pursuant to 42 U.S.C. § 2000(e) for sexual discrimination creating a hostile working environment. Alvesteffer also asserted a separate claim, under 42 U.S.C. § 2000(e), based upon retaliatory conduct by the School District after she had complained about Dillon's conduct. There was an additional claim based on breach of an implied contract of employment. Alvesteffer's final claim against the School District was based on 42 U.S.C. § 1983, alleging that it had deprived her of a property interest without due process of law. On December 16, 1996, the School District and Dillon filed a joint answer. On May 9, 1997, the School District and Dillon filed a joint motion for summary judgment with a supporting memorandum which included various affidavits, exhibits and excerpts from several depositions. On May 27, 1997, Alvesteffer filed a brief in opposition to the defendants' motion for summary judgment, which also included excerpts from several depositions as well as an affidavit of Alvesteffer.

After oral argument, the district court on July 24, 1997, in a 21-page memorandum order, granted the defendants' motion for summary judgment and dismissed all claims

with prejudice.  Alvesteffer now appeals.

Alvesteffer's basic position on appeal is that summary judgment was improper because there were genuine issues of material facts which precluded summary judgment. Fed. R. Civ. P. 56(c) provides, in part as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986), the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  In *Catrett,* the Court went on to add that Rule 56 does not require that "the moving party support its motion with affidavits or other similar materials <u>negating</u> the opponent's claim."  *Id.* at 323.

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986), the Supreme Court stated that where a defendant in a "run-of-the-mill civil case" files a pre-trial motion for summary judgment, "the judge must ask himself <u>not</u> whether he thinks the evidence unmistakenly favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."  (Emphasis added.)  In *Anderson* the Court also stated that "summary judgment will not lie if the dispute about a material fact is

'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. *See also Carey v. United States Postal Service,* 812 F.2d 621 (10th Cir. 1987).

On appeal, Alvesteffer presents three issues. In order, they are as follows: (1) the district court erred in holding that she was not constructively discharged by the School District, and that, accordingly, her claims for breach of an implied contract and her § 1983 claim were viable claims; (2) the district court erred in holding that she did not have a claim under 42 U.S.C. § 2000(e) based on retaliation; and (3) the district court erred in holding that she did not have a claim under 42 U.S.C. § 2000(e) for sexual harassment creating a hostile work environment. Other holdings made by the district court are not challenged on appeal.

Constructive Discharge

As indicated, Alvesteffer resigned her employment with the School District on September 13, 1995. In her complaint, she described her resignation as being "involuntary" and alleged that, in reality, she was constructively discharged. By answer, the defendants denied that Alvesteffer was constructively discharged. As an affirmative defense, the defendants alleged that Alvesteffer "voluntarily" resigned, which resignation was accepted in good faith by the School District and that such resignation "precludes any further action by her." Further, in its memorandum brief in support of their motion for summary judgment, the defendants again asserted that Alvesteffer resigned, and was not

constructively discharged.

To prove constructive discharge, a plaintiff-employee must show that his "employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign," *Burks v. Oklahoma Publishing Co.,* 81 F.3d 975, 978 (10th Cir.), *cert. denied*, ____ U.S. ____ (1996) (quoting *Derr v. Gulf Oil Corp.,* 796 F.2d 340, 344 (10th Cir. 1986)). In this regard, the district court held that, on the basis of the record before it, the allegedly intolerable workplace conditions "were not the result of any discriminatory acts on the part of the District" and that the "undisputed evidence shows that each time Alvesteffer voiced a complaint as to the difficulties she was experiencing in the Print Shop, the District took prompt action to resolve the situation." We agree. In this regard, much of the "touching," by hands or by feet, which Alvesteffer complained about, occurred when she and Dillon were sitting side-by-side operating a computer. Dillon, incidentally, was "legally blind," without corrective eyewear.

In any event, this is not a case of employer indifference to an employee's complaint. Quite the opposite. The district court did not err in declining to hold that Alvesteffer was constructively discharged by the School District. Hence, Alvesteffer's claims based on implied contract and 42 U.S.C. § 1983 are not viable, since she was not discharged by the School District. She chose to resign.

Retaliation

- 5 -

In her complaint, Alvesteffer alleged that after she reported Dillon's conduct to her supervisor, the School District, eventually, constructively discharged her in retaliation for her complaining about Dillon.  Having now determined that the record supports the district court's holding that the School District did not constructively discharge  Alvesteffer, the district court's further holding that Alvesteffer had failed to show "retaliation" necessarily follows.  The "adverse action" by the School District primarily relied on by Alvesteffer is that she was "ultimately constructively discharged," as she alleged in her complaint.  *See Jeffries v. State of Kansas,* ___ F.3d ___, 1998 WL 318533 (10th Cir. June 17, 1998); *Burrus v. United Telephone Co. of Kansas, Inc.,* 683 F.2d 339 (10th Cir.), *cert. denied,* 459 U.S. 1071 (1982).

Hostile Work Environment

Alvesteffer also asserted another claim under 42 U.S.C. § 2000(e), alleging that the School District by its inaction on her complaints about Dillon's sexual harassment created a hostile work environment.  In this connection, the district court held that Alvesteffer had failed to show that any alleged misconduct by Dillon was "sufficiently severe or pervasive to create an abusive working environment."  We agree.  *See Creamer v. Laidlaw Transit, Inc.,* 86 F.3d 167, 170 (10th Cir.), *cert. denied,* ____ U.S. ____ (1996).

Judgment affirmed.

ENTERED FOR THE COURT,

Robert H. McWilliams
Senior Circuit Judge

- 6 -